**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 0:14-CV-04501**

| | |
|---|---|
| Jennifer Fairbanks,<br><br>Plaintiff,<br><br>v.<br><br>Springer Collections, Inc. d/b/a Springer Collections, and Brad Cohen,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., by Defendants and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Jennifer Fairbanks (hereinafter "Plaintiff") is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Springer Collections, Inc. d/b/a Springer Collections (hereinafter "Springer") is a collection agency and domestic corporation operating from an address of 876 E 7th Street, Saint Paul, Minnesota 55106, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Brad Cohen (hereinafter "Cohen") is a natural person who was employed at all times relevant herein by Defendant Springer as a collection agent and president, and who is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime before August 2014, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a balance allegedly owed to Meadowbrook Manor Apartments for past due rent in the approximate amount of $845.00.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *August 14, 2014 – Illegal Collection Calls*

9. On or around August 14, 2014, Plaintiff spoke with a collection agent for Defendant Springer who demanded payment for this alleged debt, which was

a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. During this call, Plaintiff tried discussing a resolution of the alleged debt with Defendant Springer's collection agent.

11. However, after a few minutes, Defendant Springer's collection agent started treating Plaintiff unfairly by raising his voice with her and talking to her in a rude manner.

12. Plaintiff became agitated and asked Defendant Springer's collection agent to transfer her to a supervisor.

13. Defendant Springer's collection agent then told Plaintiff he was the supervisor and that there was not another supervisor around she could speak with, or words to that effect.

14. Plaintiff became frustrated after Defendant Springer's collection agent refused to transfer her, so she terminated the call.

15. During this collection call, Defendant Springer's collection agent failed to disclose to Plaintiff the he was a debt collector in violation of the FDCPA at 15 U.S.C. § 1692e(11).

16. Additionally, the collection agent for Defendant Springer falsely represented to Plaintiff that he was a supervisor even though, upon well-grounded information

and belief, the collection agent Plaintiff spoke with was not a supervisor for Defendant Springer.

17. This false representation by Defendant Springer's collection agent deceptively and unfairly misled Plaintiff as to who she was speaking with in violation of the FDCPA, and which materially affected and frustrated her ability to respond to Defendant Springer in this regard.

18. Later on August 14, 2014, Plaintiff called Defendant Springer back and spoke with Defendant Cohen about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. During this call, Defendant Cohen apologized for the previous call Plaintiff had with the collection agent.

20. Defendant Cohen then continued by discussing payment options with Plaintiff, and offered to settle the account for $660.

21. Plaintiff told Defendant Cohen that she would need to think about it and would call Defendant Springer back in a few days.

22. Thereafter, the call ended.

23. During this collection call, Defendant Cohen again failed to disclose to Plaintiff the he was a debt collector in violation of the FDCPA at 15 U.S.C. § 1692e(11).

24. Defendants' August 14, 2014, collection calls with Plaintiff were false, deceptive, misleading, and unfair communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

***August 18, 2014 – Illegal Collection Calls***

25. On or about August 18, 2014, Plaintiff called Defendant Springer and spoke with a collection agent named Colleen about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. During this call, Plaintiff explained that she could not afford to pay $660 for this alleged debt, and inquired about a settlement for 50% of the balance.

27. Defendant Springer's collector, Colleen, said she would call their client to see if they could approve a settlement for 50% of the balance, or words to that effect, and the call ended.

28. During this collection call, Defendant Springer's collection agent failed to disclose to Plaintiff the she was a debt collector in violation of the FDCPA at 15 U.S.C. § 1692e(11).

29. Approximately ten minutes later, Defendant Springer's collection agent, Colleen, called Plaintiff back to discuss this alleged debt, which was a

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30. During this call, Colleen told Plaintiff that she spoke with their client and a settlement of 50% of the balance was approved, or words to that effect.

31. Plaintiff responded that she could pay the settlement in two weeks when she received her paycheck.

32. Defendant Springer's collector told Plaintiff that she needed to pay that day, or the 50% settlement would be off the table, or words to that effect.

33. Plaintiff explained that she did not have the money to pay that day.

34. However, Defendant Springer's collector, Colleen, insisted on payment that day and asked for Plaintiff's routing and account number, or words to that effect.

35. Plaintiff stated again that she did not think she could come up with the money that day, but Plaintiff told Defendant Springer's collector that she would try and would call back, after which point the call ended.

36. During this collection call, Defendant Springer's collection agent, Colleen, again failed to disclose to Plaintiff the she was a debt collector in violation of the FDCPA at 15 U.S.C. § 1692e(11).

37. Moreover, upon well-grounded information and belief, Defendant Springer never spoke with their client, Meadowbrook Manor Apartments, on August

18, 2014, and never obtained authority to accept a settlement of 50% of the balance.

38. Rather, the collection agent for Defendant Springer falsely represented to Plaintiff that she spoke with someone at Meadowbrook Manor Apartments and falsely represented that they could accept a settlement for 50% of the balance.

39. This false representation by Defendant Springer's collection agent deceptively and unfairly misled Plaintiff as to how she could resolve this account in violation of the FDCPA, and which materially affected and frustrated her ability to respond to Defendant Springer in that regard.

40. Defendants' August 18, 2014, collection calls with Plaintiff were false, deceptive, misleading, and unfair communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692f, amongst others.

***September 22, 2014 – Illegal Collection Call***

41. On or about September 22, 2014, Plaintiff called Defendant Springer and spoke with Defendant Cohen about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

42. Plaintiff asked to speak with Defendant Springer's collector, Colleen, about the previous settlement offer, but was transferred to Defendant Cohen.

43. During this call with Defendant Cohen, Plaintiff asked about the 50% settlement that Colleen previously offered to Plaintiff.

44. Defendant Cohen responded that they could not take a 50% settlement on this account and further insisted that Colleen would not have agreed to accept that amount, or words to that effect.

45. Plaintiff became frustrated and explained that Colleen did in fact tell Plaintiff that Defendant Springer would accept 50% of the balance to settle this account.

46. Defendant Cohen ignored Plaintiff's explanation and stated that they could take $600 to settle the account, or words to that effect.

47. Defendant Cohen further stated that if Plaintiff could pay by the end of September, they would not report the account to her credit bureaus, or words to that effect.

48. Plaintiff continued to be frustrated by Defendants' denial of their offer to accept 50% of the balance, however, and the call ended shortly thereafter.

49. After the call ended, and considering Defendant Cohen's offer to not report this account to her credit bureaus, Plaintiff went online to check her credit reports.

50. Plaintiff was shocked and upset to find that Defendant Springer was already negatively reporting this account to her credit, even though Defendant Cohen

had just told her the account would not be reported at all if she paid by the end of September.

51. During this September 22, 2014, collection call, Defendant Cohen tried to get Plaintiff to pay this alleged debt by falsely and deceptively telling Plaintiff the account was not yet being reported to her credit, when it fact the account was reported to Plaintiff's credit on September 11, 2014; eleven (11) days prior to this call with Defendant Cohen.

52. This false representation by Defendant Cohen deceptively and unfairly misled Plaintiff about how this account was being reported to her credit in violation of the FDCPA, and which materially affected and frustrated her ability to respond to Defendants' settlement offer.

53. Moreover, during this collection call, Defendant Cohen again failed to disclose to Plaintiff the he was a debt collector in violation of the FDCPA at 15 U.S.C. § 1692e(11).

54. Defendant Cohen's September 22, 2014, collection call with Plaintiff was a false, deceptive, misleading, and unfair communication in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692e(11), and 1692f, amongst others.

***September 24, 2014 – Illegal Collection Call***

55. On or about September 24, 2014, Plaintiff called Defendant Springer and spoke with Defendant Cohen about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

56. During this call, Plaintiff told Defendant Cohen that this account was already being reported to her credit, and asked Defendant Cohen why he said the account was not being reported only two days before.

57. Defendant Cohen responded that either way he could delete it within 24 hours and he went on to apologize for any confusion, or words to that effect.

58. Plaintiff explained her frustration over having been lied to first about the 50% offer and now about the credit reporting.

59. Defendant Cohen then explained that the account was reported because they assumed Plaintiff refused to pay, or words to that effect, even though Defendant Cohen still made the offer knowing that the account was already being reported to Plaintiff's credit.

60. Defendant Cohen stated that he would remove the account from Plaintiff's credit report if she could pay the $600, or words to that effect.

61. Plaintiff said she would have to call Defendants back, and the call ended.

62. Once again, during this collection call, Defendant Cohen failed to disclose to Plaintiff the he was a debt collector in violation of the FDCPA at 15 U.S.C. § 1692e(11).

63. Defendant Cohen's September 24, 2014, collection call with Plaintiff was a false, deceptive, misleading, and unfair communication in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

***Summary***

64. Overall, Defendants continually failed to provide Plaintiff with the disclosures required by 15 U.S.C. § 1692e(11), falsely and materially represented that they could take a lower settlement offer than they were authorized to, and lied about the credit reporting of this account, all in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

65. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of frustration, emotional distress, and upset, amongst other negative emotions.

### *Respondeat Superior Liability*

66. The acts and omissions herein of the individuals employed to collect debts by Defendant Springer, and the other debt collectors employed as agents of Defendant Springer who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Springer.

67. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Springer in collecting consumer debts.

68. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant Springer.

69. Defendant Springer is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

70. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq*.

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

73. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 *et seq*.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 25, 2014

**BARRY & HELWIG, LLC**

By: **s/ Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Jennifer Fairbanks, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 25th, 2014
Month Day Year

[signature]
Signature